1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   RAMIRO MUNOZ GARZA,                1:08-cv-00612 OWW SMS HC

10                      Petitioner,    ORDER REGARDING PETITION FOR WRIT
                                       OF HABEAS CORPUS, GRANTING
11          v.                         PETITIONER LEAVE TO FILE AMENDED
                                       PETITION
12
    UNKNOWN,                           [Doc. 1]
13
                        Respondent.
14   _____/

15
16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus
17   pursuant to 28 U.S.C. § 2254.
18          Petitioner filed the instant petition for writ of habeas corpus on May 2, 2008.
19                                     DISCUSSION
20   A.     Procedural Grounds for Summary Dismissal
21          Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:
22               If it plainly appears from the petition and any attached exhibits that the
                 petitioner is not entitled to relief in the district court, the judge must dismiss the
23               petition and direct the clerk to notify the petitioner.
24          The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a
25   petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the
26   respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for
27   habeas corpus should not be dismissed without leave to amend unless it appears that no tenable
28   claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th

1

1  Cir. 1971).

2  B.     Proper Respondent

3         A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state

4  officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules

5  Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v.

6  California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having

7  custody of an incarcerated petitioner is the warden of the prison in which the petitioner is

8  incarcerated because the warden has "day-to-day control over" the petitioner.  Brittingham v.

9  United States, 982 F.2d 378, 379 (9th Cir. 1992); see also Stanley v. California Supreme Court,

10  21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions

11  is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.  Where a petitioner is on

12  probation or parole, the proper respondent is his probation or parole officer and the official in

13  charge of the parole or probation agency or state correctional agency.  Id.

14         In the instant case, Petitioner failed to name a Respondent.  Petitioner's failure to name a

15  proper respondent requires dismissal of his habeas petition for lack of jurisdiction.  Stanley, 21

16  F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also

17  Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2d Cir. 1976).  However, in this case,

18  the Court will give petitioner the opportunity to cure his defect by amending the petition to name

19  a proper respondent.  See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part*

20  *on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition

21  to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).

22  C.     Failure to State a Claim

23         The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241

24  of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner

25  unless he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states:

26             The Supreme Court, a Justice thereof, a circuit judge, or a district court
            shall entertain an application for a writ of habeas corpus in behalf of a person in
27          custody pursuant to a judgment of a State court only on the ground that he is in
            custody in violation of the Constitution or laws or treaties of the United States.
28

(emphasis added).  See also, Rule 1 of the Rules Governing Section 2254 Cases in the United

States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack

by a person in custody upon the legality of that custody . . ."  <u>Preiser v. Rodriguez</u>, 411 U.S. 475,

484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner

must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or resulted in a decision that was based on an
> unreasonable determination of the facts in light of the evidence presented in the
> State court proceedings.

28 U.S.C. § 2254(d)(1),(2).

In addition, Petitioner must state his claim with sufficient specificity.  <u>See</u> <u>Hendricks v.

Vasquez</u>, 908 F.2d 490, 491-92 (9th Cir. 1990); <u>Wacht v. Cardwell</u>, 604 F.2d 1245, 1246-47 (9th

Cir. 1979).  Rule 2(c) of the Rules Governing Section 2254 Cases states:

> The petition must:
>
> (1) specify all the grounds for relief available to the petitioner;
> (2) state the facts supporting each ground;
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized
> to sign it for the petitioner under 28 U.S.C. § 2242.

The instant petition is completely deficient.  The only information provided on the

petition is that Petitioner was convicted of attempted murder in the Fresno County Superior

Court on February 14, 2002.  Petitioner did not list any coherent grounds for relief or any facts to

support such grounds.  More specifically, Petitioner does not allege a violation of the

Constitution or federal law, nor does he argue that he is in custody in violation of the

Constitution or federal law.  Furthermore, Petitioner does not allege that the adjudication of his

claims in state court "resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, . . . or resulted in a decision that was based on an

unreasonable determination of the facts. . . ."  28 U.S.C. § 2254.  Nor does Petitioner state the

relief he requests.  Therefore, the petition must be dismissed; however, Petitioner will be given

1  an opportunity to file an amended petition.  Petitioner is advised that failure to file a complete

2  petition raising cognizable federal claims within the time allotted will result in a recommendation

3  that the petition be dismissed and the action be terminated.  Petitioner is advised that the

4  amended petition should be titled "First Amended Petition, and reference the instant case

5  number."

6  D.  Failure to Exhaust State Remedies

7  A petitioner who is in state custody and wishes to collaterally challenge his conviction by

8  a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).

9  The exhaustion doctrine is based on comity to the state court and gives the state court the initial

10  opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

11  U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct.

12  1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

13  A petitioner can satisfy the exhaustion requirement by providing the highest state court

14  with a full and fair opportunity to consider each claim before presenting it to the federal court.

15  Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828,

16  829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair

17  opportunity to hear a claim if the petitioner has presented the highest state court with the claim's

18  factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal

19  basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

20  Additionally, the petitioner must have specifically told the state court that he was raising a

21  federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133

22  F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court

23  violated his due process rights "he must say so, not only in federal court but in state court."

24  Duncan, 513 U.S. at 366, 115 S.Ct. at 888.

25  Additionally, the petitioner must have specifically told the state court that he was raising

26  a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,

27  669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th

28  Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States

4

Supreme Court reiterated the rule as follows:

> In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

<u>Duncan</u>, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In this case, Petitioner fails to state that he has sought relief in the California Supreme Court.  Assuming he has not done so, the instant petition is unexhausted and must be dismissed.

E.    <u>Statute of Limitations</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on December 6, 2007, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244,

subdivision (d) reads:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  As Petitioner states that he was convicted in February of 2002, Petitioner is advised that the petition may be barred by the one-year statute of limitations, absent sufficient grounds for statutory and/or equitable tolling.

F.     Conclusion

The instant petition must be dismissed for the above-stated reasons. Petitioner will be given an opportunity to file a first amended petition to cure the deficiencies.  Petitioner is advised that failure to file a petition in compliance with this order (i.e., a completely filled-out petition with cognizable federal claims clearly stated and with exhaustion of state remedies clearly stated) within the allotted time will result in a recommendation that the petition be dismissed and the action be terminated.  Petitioner is advised that the amended petition should be titled "First Amended Petition" and must reference the instant case number.

ORDER

Accordingly, the petition for writ of habeas corpus is hereby DISMISSED.  Petitioner is GRANTED **thirty (30)** days from the date of service of this order to file an amended petition in

compliance with this order. The Clerk of Court is DIRECTED to send Petitioner a form petition

pursuant to 28 U.S.C. § 2254.


IT IS SO ORDERED.

**Dated:    May 31, 2008**                           _____/s/ Sandra M. Snyder_____
                                                                  UNITED STATES MAGISTRATE JUDGE