# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO MUNOZ GARZA,<br><br>        Petitioner,<br><br>   v.<br><br>UNKNOWN,<br><br>        Respondent.<br>_____/ | 1:08-cv-00612 OWW SMS HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 5] |

     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

     Petitioner filed the instant petition for writ of habeas corpus on May 2, 2008, and pursuant to this Court's order, an amended petition was filed on June 13, 2008. (Court Docs. 1, 3, 5.) As discussed below, the instant action must be dismissed as duplicative and for failure to state a cognizable claim.

     Here, it is clear that Petitioner is seeking to litigate the same claims against the same parties, or unnamed parties, in multiple suits. Petitioner has filed, and continues to file, numerous petitions in this Court alleging the same claim(s), which have all been dismissed for failure to state a claim. See e.g. 1:06-cv-01256 LJO TAG HC; 1:06-cv-01620 OWW WMW HC (dismissed on April 20, 2007); 1:06-cv-01856 OWW SMS HC (dismissed on July 6, 2007); 1:07-cv-00252 AWI TAG HC (dismissed on March 7, 2008); 1:07-cv-00385 LJO DLB HC (dismissed on October 12, 2007); 1:07-cv-00763 LJO TAG HC (dismissed on March 3, 2008).

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams, 487 F.3d at 688 (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).

In assessing whether a second action is duplicative of the first, the court examines whether the causes of action and relief sought, as well as the parties or privies to the action, are the same. Adams, 487 F.3d at 689. First, the court must examine whether the causes of action in the two suits are identical pursuant to the transaction test, developed in the context of claim preclusion. Id. Second, the court determines whether the defendants are the same or in privity. Privity includes an array of relationships which fit under the title of "virtual representation." Kourtis v. Cameron, 419 F.3d 989, 996 (9th Cir. 2005). "The necessary elements of virtual representation are an identity of interests and adequate representation." Adams, 487 F.3d at 691 (citing Kourtis, 419 F.3d at 996). "Additional features of a virtual representation relationship include a close relationship, substantial participation, and tactical maneuvering." Adams, 487 F.3d at 691 (quoting Kourtis, 419 F.3d at 996).

A plaintiffs is required to bring at one time all of the claims against a party or privies relating to the same transaction or event. Adams, 487 F.3d at 693. The court has discretion to dismiss a duplicative complaint with prejudice to prevent a plaintiff from "fragmenting a single cause of action and litigating piecemeal the issues which could have been resolved in one action." Adams, 487 F.3d at 694 (quoting Flynn v. State Bd. of Chiropractic Exam'rs, 418 F.2d 668, 668 (9th Cir.1969) (per curiam)).

In this case, all of the petitions challenge the same Cal. Penal Code § 245(A) offense for fighting and the claims raised are the same. Therefore, the Court finds that the instant action should be dismissed.

Moreover, aside from the duplicative nature of the petitions, the instant petition fails to

state a cognizable federal claim.  This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade,123 S.Ct.1166 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  Lockyer, at 1175 (citations omitted).  "Rather, that application must be objectively unreasonable."  Id. (citations omitted).

In the instant petition, Petitioner states, in incoherent terms:

> [G]ot [b]usted Fresno, CA for 187 murder 2 hand person lived with they gave me 1 year program 5 year probation 13 year LID when I was at the program I got into a fight self defense fight a guy hit me I hit back. Self defense fight when I went to court they gave me 13 year LID I would like time served or into another program I've got 6 year in get out 2013 5 years left.  When I went to court for probation I got LID time had not the other person shown up to court they found me guilty.

(Petition, at 5.)

Petitioner makes no reference to the Constitution or laws of the United States and provides no argument (in fact, he does not indicate whether he has sought state court relief) as to how the decision of the state's highest court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented in the State Court proceedings." 28 U.S.C. § 2254(d). The petition therefore fails to provide a basis for habeas corpus relief. Furthermore, relief by way of § 2254 is not a direct appeal, and to the extent Petitioner seeks to pursue such an appeal, he must do so through the state court system.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED as duplicative and for failure to state cognizable federal claim under § 2254.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) court days (plus three days if served by mail) after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 22, 2008**           /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE